**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2005
THOMAS K. KAHN
CLERK

-------------------------------------------

No. 04-10804
Non-Argument Calendar

-------------------------------------------

BIA No. A77-309-183

JIE WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------

Petition for Review of an Order of the
Board of Immigration Appeals

----------------------------------------------------------------

**(August 26, 2005)**

**Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges**.

PER CURIAM:

Jie Wang, a native and citizen of China, petitions for review of the final

order of the Board of Immigration Appeals (BIA), which affirmed the immigration

judge's denial of asylum, denial of withholding of removal, and denial of relief under the United Nations Convention Against Torture (CAT). Removal proceedings commenced after 1 April 1997; the permanent provisions of the Immigration and Nationality Act, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern this petition. We deny the petition.

In her asylum application and at her hearing, Wang stated that, in 1997, when she was 15 years old and living in China, she became an employee of a bookstore in a town in Fujian province. Wang learned that the bookstore sold materials about the Falun Gong spiritual movement. In July 1999, the Chinese government forbid the sale of Falun Gong literature.[1] But Wang's boss continued to sell Falun Gong materials because he wanted to make a profit. Wang continued to sell Falun Gong books, despite knowing about their prohibition, because she felt "okay" about selling them and because her boss would have fired her if she would have refused. In August 1999, Wang heard from the mother of a coworker that police discovered that the bookstore still was selling Falun Gong materials: the police arrested Wang's boss and coworker and seized the Falun Gong books.

---

[1] The 1999 State Department Country Report reflected that the Chinese government launched a crackdown in 1999 on the Falun Gong spiritual movement; thousands of Falun Gong practitioners were reported detained and some number are believed to have been tortured or killed.

Wang went into hiding on the advice of her mother. Wang's mother told her that the police came looking for Wang; and, when her mother told them that Wang had quit the store, the police did not believe her and began to break household items with a stick. Wang left China in November 1999 and eventually arrived in the United States.

Wang admitted that she did not practice Falun Gong while in China. But while detained in Los Angeles, Wang became curious about Falun Gong. She began to read Falun Gong books borrowed from a friend, and she practiced Falun Gong with this friend for several months. Wang later moved to Key West, Florida, where she obtained two Falun Gong books from her cousin. But she did not practice Falun Gong in Key West because she has not been able to locate Falun Gong followers in that city. Wang stated that, a week before the hearing, her mother told her that the police still were looking for her, although the last time they came to her house was in October 1999. According to Wang, the police knew that she was in the United States.

At the hearing, two cousins testified on Wang's behalf. Both cousins verified her identity; one cousin stated that he had heard from Wang's mother and his father that the government was looking for her because she was selling Falun

Gong books illegally. But the cousin that allegedly provided Wang with the Falun Gong books in the United States did not testify.

The IJ determined that Wang had failed to establish a well-founded fear of persecution to qualify for asylum. The IJ wrote that Wang did not practice Falun Gong in China and has not practiced Falun Gong in the United States since December 2000. And the IJ noted that, despite granting a continuance to Wang to gather corroborative evidence, Wang did not produce the testimony of the cousin who allegedly sent her the Falun Gong books. The IJ also wrote that Wang was not the proprietor of the book store in China, but "a mere salaried employee," that the reason she sold the Falun Gong books was to keep her job, and that Wang failed to produce an affidavit or declaration from her mother about the events in China. The IJ further noted that Wang submitted no official documents indicating that she is wanted for the alleged sale of Falun Gong materials.

Wang argues that she established a well-founded fear of persecution (1) because the Chinese government perceived her to be a practitioner of Falun Gong, and (2) she has begun to practice Falun Gong since arriving in the United States.

The BIA affirmed the IJ's decision without opinion: the IJ's decision became the final removal order subject to review. See Mendoza v. U.S. Attorney

4

Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). We review the IJ's findings of fact under the "substantial evidence" test: we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (citation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

An alien may obtain asylum if she is a "refugee": a person unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of," among other things, her actual or imputed religious and political beliefs. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1); see Al Najjar, 257 F.3d at 1287-89. The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar, 257 F.3d at 1284, 1287.

We uphold the BIA's affirmance of the IJ's decision. First, the evidence does not compel a conclusion that Wang has a well-founded fear of persecution based on her actual religious or political beliefs. Wang did not practice Falun Gong in China and only briefly practiced it for several months in 2000. And she did not produce the testimony of the cousin who allegedly gave her the Falun Gong books after Wang arrived in the United States, even after the IJ granted her a

continuance.  See In re S-M-J-, 21 I&N Dec. 722 (BIA 1997) (when "reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided").

And the evidence does not compel a conclusion that Wang has a well-founded fear of persecution based on her imputed religious or political beliefs. Wang admitted that she did not practice Falun Gong while in China and that she sold Falun Gong books after they were banned only because she did not wish to lose her job.  Her cousin's testimony shows that the government was looking for her because she was selling Falun Gong books illegally at the bookstore.  The evidence shows that Wang was sought by the police for selling banned Falun Gong materials.  But the evidence does not compel the conclusion that the police pursued Wang because they thought she was a Falun Gong practitioner: the evidence thus does not compel a conclusion that the police pursued her because of her religious or political beliefs.

In sum, we see no reason to disturb the IJ's and BIA's denial of asylum relief to Wang.[2]

---

[2] We reject Wang's claims that she qualified for withholding of removal and CAT relief.  These claims involve more stringent standards than the standard for showing entitlement to asylum relief: Wang has not shown that she has met these higher standards.  See Al Najjar, 257 F.3d at 1292-93, 1303-04.

**PETITION DENIED.**